IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTRONE A. THOMAS　　　　　＊

v.　　　　　　　　　　　　　＊　CIVIL ACTION NO. L-11-2251

WILLIAM BISHOP, et al.　　　＊

\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On August 15, 2011, the Court received Antrone A. Thomas's Complaint. Although Thomas used forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, he paid a $5.00 filing fee, the fee for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the Complaint focused on alleged deficiencies in his state criminal proceedings, it was docketed as a Petition for Writ of Habeas Corpus, and Thomas was directed to supplement the Petition using court-approved forms. ECF No. 2. Thomas was cautioned that failure to file a supplemental petition in compliance with the directives contained in the Order would result in the dismissal of his case without further notice.

On August 30, 2011, the court received Thomas's supplement. ECF No. 4. The supplement, using civil rights forms, is the exact same Complaint as the one previously filed with the Court. It does not comply with the Court's directives regarding supplementation. For the reasons that follow, the Complaint shall be DISMISSED.

A review of the Maryland Judiciary Case Search[1] demonstrates that Petitioner was convicted in the Circuit Court for Talbot County on December 15, 2009. See State v. Thomas, Circuit Court for Talbot County, Maryland, Criminal No. 20K09009453. He was sentenced to a twenty-year term

---

[1] http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

1

of incarceration with all but ten years suspended. Petitioner noted an appeal, which was dismissed on July 27, 2010 by the Court of Special Appeals of Maryland. The Court's mandate issued on August 26, 2010. Petitioner initiated state post-conviction proceedings on March 24, 2011. A hearing on his petition for post-conviction relief is scheduled for November 4, 2011. Id. & ECF No. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied when the petitioner seeks review of his claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. See Md. Ann. Code Art. 27, § 645I (1996 Repl. Vol.). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., § 12-202 (1995 Repl. Vol.). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must then seek certiorari to the Court of Appeals. See Williams v. State, 292 Md. 201, 210–11 (1981). Thomas has not completed post-conviction review and his Petition here shall be dismissed without prejudice as unexhausted, to allow him to refile it after he has exhausted state remedies.

Thomas is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ

2

of habeas corpus in federal court.[2] Should he wish to refile this petition once he has exhausted his available state court remedies, Thomas should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Thomas has not made the requisite showing.

---

[2]This section provides:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Construed as a civil rights case, Thomas's Complaint is likewise subject to dismissal. While not a picture of clarity, Thomas's claims stem from the conduct of his state criminal proceedings. A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486–87 and nn. 6–8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Plaintiff has failed to demonstrate that his conviction has been reversed, expunged, or invalidated.

A separate order follows.

/s/
_____
Benson Everett Legg
United States District Judge